IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 18 CV 3426 |
| | ) (No. 13 CR 442) |
| Eric Dillard | ) |
| Defendant. | ) |

Memorandum Opinion and Order

A jury found Eric Dillard guilty of possession with intent to distribute a quantity of mixtures and substances containing cocaine. After his conviction, Mr. Dillard sent a letter to Judge Darrah, who presided over the trial, asking him to appoint a new attorney in advance of sentencing. Mr. Dillard stated a number of complaints about his trial attorney, including that he failed to call a certain Officer Johnson as a trial witness and was intoxicated by alcohol during the trial. Days later, Judge Darrah appointed a new attorney. That attorney moved for a new trial on the ground that Mr. Dillard's trial attorney violated *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to call Officer Johnson. Judge Darrah denied that motion—which made no reference to trial counsel's alcohol use or any other shortcoming in his representation of Mr. Dillard—in a memorandum opinion and order

concluding that the decision not to call Officer Johnson was a reasonable strategic choice, and that even if the decision were in error, Mr. Dillard suffered no prejudice as a result. *United States v. Dillard*, No. 13-cr-442, DN 180 at 5-8 (N.D. Ill. Aug. 26, 2015). On direct appeal, Mr. Dillard initially reasserted his unsuccessful *Strickland* claim (along with other claims unrelated to his trial attorney's performance), but he later withdrew it. The Seventh Circuit rejected Mr. Dillard's remaining arguments and affirmed his conviction and sentence. *United States v. Dillard*, 692 F. App'x 287 (May 19, 2017).

Before me is Mr. Dillard's motion to vacate his sentence under 28 U.S.C. § 2255 on the ground of his trial counsel's ineffectiveness. In support of this claim, his motion states, without further elaboration, "[d]efendant's counsel has/had an alcohol dependency problem. Counsel was impaired by alcohol abuse during the trial. Counsel's intoxication impaired his ability to provide effective representation." The government responds that this claim is both procedurally defaulted and meritless: defaulted because Mr. Dillard did not raise it in his post-trial motion or on direct appeal, and meritless because it identifies no concrete deficiency in trial counsel's performance, nor any reason to believe that the outcome of the trial would likely have been different if his attorney had not been under the influence of alcohol. In reply, Mr. Dillard identifies the failure to call

Officer Johnson as a critical misstep he attributes to his counsel's intoxication, and he insists that Johnson's testimony "could easily have made the difference between acquittal and conviction in this closely balanced case."

Taken together, Mr. Dillard's submissions put him between a rock and a hard place. If the basis for his ineffective assistance claim is his counsel's failure to call Officer Johnson as a trial witness—the only error Mr. Dillard discusses meaningfully in his submissions—then it is barred by Judge Darrah's decision rejecting that argument. *See U.S. v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("A litigant gets to argue ineffective assistance, and for that matter any other contention, just once. A collateral attack cannot be used to obtain a second opinion on an argument presented and decided earlier.") (citing *United States v. Taglia*, 922 F.2d 413 (7th Cir. 1991), and *Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005)). If Mr. Dillard was convinced after his trial that his counsel's performance was deficient, he had three options: he could pursue a *Strickland* claim in a post-trial motion in the district court (and appeal any adverse decision on that motion); he could raise the claim for the first time on direct appeal (though the Seventh Circuit cautions against that approach, *see Flores*, 739 F.3d at 341-42); or he could reserve his *Strickland* claim for collateral review under § 2255. *Taglia*, 922 F.2d at 417-18 (analyzing "three potential choices" for raising a *Strickland*

3

claim). What he could not do is what he has done here: raise the claim in a post-trial motion to the district court; abandon it on direct appeal; then assert it anew in a collateral attack under § 2255. Indeed, *Taglia, Peoples,* and *Flores* all confirm that "a person who has raised an issue, and had it resolved by a federal court, cannot start from scratch on collateral review and ask the judiciary to proceed as if the first resolution had not occurred." *Peoples*, 403 F.3d at 847. That principle is the rock standing in the way of Mr. Dillard's *Strickland* claim to the extent it rests on his counsel's failure to call Officer Johnson to testify at trial.[1]

The hard place is that if Mr. Dillard's claim rests on the bare fact of his counsel's putative inebriation, it fails on the merits. *United States v. Jackson*, 930 F. Supp. 1228, 1234 (N.D. Ill. 1996) ("[a]lcoholism, or even alcohol or drug use during

---

[1] To be clear, the problem is not one of procedural default. All agree that Mr. Dillard argues for the first time in his § 2255 motion that his trial counsel was constitutionally ineffective because he was intoxicated during trial. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003), holds that ineffective assistance of counsel claims may be brought in the first instance under § 2255, and the Seventh Circuit confirms that "a defendant is never obliged to raise an ineffective-assistance argument on direct appeal...it is always safe to reserve the issue for collateral review." *Flores*, 739 F.3d at 341. As Mr. Dillard observes, the authorities supporting the government's procedural default argument all involve application of the rule in the context of habeas petitions challenging state court judgments under 28 U.S.C. § 2254. None supports the government's argument that Mr. Dillard's *Strickland* claim based on his counsel's alcohol use is procedurally defaulted because he failed to raise it sooner.

4

trial, does not necessarily constitute a *per se* violation of the Sixth Amendment absent some deficient performance resulting from the intoxication") (citing *Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993), and *Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir. 1987)). *Accord United States v. Washington*, 869 F.3d 193, 204 (3d Cir. 2017) (trial counsel's substance abuse does not establish *per se* denial of Sixth Amendment right to counsel); *Williams v. Trammell*, 782 F.3d 1184, 1201 (10th Cir. 2015) (proof that counsel was under the influence of drugs or alcohol at trial "would not negate their professional efforts" on the defendant's behalf); *Frye v. Lee*, 235 F.3d 897, 907 (4th Cir. 2000) ("in order for an attorney's alcohol addiction to make his assistance constitutionally ineffective, there must be specific instances of deficient performance attributable to alcohol"); *Berry v. King*, 765 F.2d 451, 454 (5th Cir. 1985) (denying *Strickland* claim based on counsel's drug use during trial). As the Fifth Circuit explained in *Berry,* "the critical inquiry is whether, for whatever reason, counsel's performance was deficient and whether that deficiency prejudiced the defendant." 765 F.2d at 454. Accordingly, once the court has determined—as Judge Darrah did here—that counsel's performance was objectively reasonable, evidence that the attorney used drugs or alcohol is "irrelevant" to the *Strickland* analysis. *Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995).

Because § 2255 does not authorize a collateral attack on the trial court's rejection of Mr. Dillard's claim that his attorney was ineffective for failing to call Officer Johnson to testify, and because his claim that his attorney's alcohol use rendered him constitutionally ineffective fails on the merits, Mr. Dillard's motion is denied. Additionally, because Mr. Dillard has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

        **ENTER ORDER:**

        **Elaine E. Bucklo**
        United States District Judge

Dated: August 17, 2018